UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA KASZUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-cv-1313 |
| | ) | |
| CORRECTIONAL OFFICER | ) | |
| TANGMAN, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ALLEGATIONS**

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated at Pontiac Correctional Center by eight Defendants including Correctional Officers Tangman, Smith, Liels, Mans, Frazier, Henderson, and two John Doe Defendants. The Plaintiff alleges the two John Doe Officers handcuffed the Plaintiff behind his back on February 15, 2013. Correctional Officers Tangman and Mans then entered his cell, pulled his hands into the air, and began striking him repeatedly in the back, ribs, and hip. The Plaintiff says he lost feeling in his right hand and suffered bruises and pain due to the beating. The Plaintiff received medical care after the incident including x-rays of his rib and shoulder.

The Plaintiff says Defendants Smith, Liels, Frazier, Henderson, and two John Doe officers stood at his cell door while the beating was taking place and failed to intervene to stop the assault.

## ANALYSIS

The Plaintiff has alleged Defendants Tangman and Mans violated his Eighth Amendment rights when they used excessive force against him on February 15, 2013. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The Plaintiff has also alleged Defendants Smith, Liels, Frazier, Henderson, and two John Doe officers violated

his Eighth Amendment rights when they failed to intervene to stop the assault. *See Miller v Smith,* 220 F.3d 491, 495 (7th Cir. 2000).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for the appointment of pro bono counsel.[3] In considering the Plaintiff's motion, the court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, the Plaintiff has not demonstrated he made a reasonable attempt to find counsel on his own. Although the Plaintiff states he has tried to contact several attorneys, he has not provided a list of any specific attorneys nor has he provided a copy of any letters sent or received. Therefore, the motion is denied with leave to renew.[3]

## IT IS THEREFORE ORDERED:

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following

claims:  a) Defendants Tangman and Mans violated his Eighth Amendment rights when they used excessive force against him on February 15, 2013; and b) Defendants Smith, Liels, Frazier, Henderson and two John Doe officers violated his Eighth Amendment rights when they failed to intervene to stop the assault. The claims are stated against the Defendants in their individual capacities only.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from

the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)      The Plaintiff is advised that he must identify the names of his John Doe Defendants in order to serve these individuals.  If the Plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have been served. Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.  See Fed. R. Civ. Proc. 4(m)..

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12)    **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13)    **The Plaintiff's motion for appointment of counsel is denied with leave to renew.[3]**

ENTERED: October 7, 2014

FOR THE COURT:

s/Sue E. Myerscough

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE